IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COURTNEY JARMAINE LEWIS, § <br> ID # 17753-078, § <br> Petitioner, § <br> § <br> v. § <br> § <br> C. RIVERS, Warden, § <br> Respondent. § | No. 3:23-CV-2041-G (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Courtney Jarmaine Lewis, a federal prisoner, filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 (doc. 3). The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DENY the petition with prejudice.

**Background**

On April 1, 2010, Lewisville Police arrested Lewis on state drug charges; he was released on bond two days later. (*See* doc. 7 at 4; doc. 8-1 at ¶ 9.)[1] On April 15, a grand jury in the United States District Court for the Eastern District of Texas, Sherman Division, returned a single-count indictment charging Lewis with being a felon in possession of ammunition. *See United States v. Lewis*, No. 4:10-CR-90-SDJ-AGD (E.D. Tex. Apr. 15, 2010) (doc. 1). On July 9, Lewis was again taken into

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

state custody and held at the Denton County Jail following the execution of a state warrant related to his involvement in controlled drug buys and drug possession. (*See* doc. 7 at 4; doc. 8-1 at ¶ 10.)

On July 12, the federal court issued a writ of habeas corpus *ad prosequendum* for Lewis. *See Lewis*, No. 4:10-CR-90-SDJ-AGD, doc. 6. The United States Marshals Service ("USMS") arrested Lewis on the writ on July 16, and he appeared in federal court on July 21. *See id.*, docs. 8, 17. After he pleaded guilty to the federal charge, the court sentenced Lewis to 37 months' imprisonment and three years of supervised release. *See id.*, docs. 27, 38, 40.

Lewis returned to state custody on March 27, 2012. (*See* doc. 7 at 5, 10-11.) In April 2012, he was convicted of possession of a controlled substance with intent to deliver in nine separate cases in the 211th District Court of Denton County, Texas; he was sentenced to 60 years' imprisonment, comprised of one 60-year sentence and eight five-year sentences to be served concurrently, in the Texas Department of Criminal Justice ("TDCJ"). (*See id.* at 5, 20-37.) In the state judgments, Lewis received time credit against his sentences for the periods of April 2, 2010 to April 3, 2010; July 9, 2010 to April 17, 2012; and July 10, 2010 to April 25, 2012. (*See id.* at 20, 22, 24, 26, 28, 30, 32, 34, 36.) On May 12, 2022, the state paroled Lewis on his remaining sentence, and the TDCJ released him to the custody of the USMS to serve his federal sentence. (*See id.* at 5, 39-43.)

By his petition, Lewis challenges the Bureau of Prisons' ("BOP") denial of his request for a *nunc pro tunc* designation crediting the time he spent in state custody

against his federal sentence. (*See* doc. 3 at 5.) Respondent argues that the petition should be dismissed because Lewis received credit for all time he spent in official detention, and the BOP was within its discretion in refusing his request for a *nunc pro tunc* designation for the challenged time period. (*See* doc. 6 at 2-5.) In his reply, Lewis "requests credit of all pre-sentence custody time to his federal sentence," arguing that he is entitled to such credit under 18 U.S.C. § 3585(b). (doc. 12 at 2.)

## Legal Standards and Analysis

Lewis appears to argue that the BOP has failed to properly credit his federal sentence for time he spent in "pre-sentence custody" from July 16, 2010—the date he was taken into federal custody on the writ, through March 27, 2012—the date he was returned to state custody to answer the charges pending in Denton County. (doc. 12 at 1-2.) He also contends the BOP failed to give him "[j]ail credit for time spent in state custody as request for a nunc pro tunc."[2] (doc. 3 at 5.)

---

[2] In his reply, Lewis specifically references and seeks 632 days of sentence credit, which number he appears to derive from the USMS Individual Custody/Detention Form filed by Respondent. (*See* doc. 7 at 11; doc. 12 at 2, 5.) This form shows that Lewis was in pre-trial USMS custody at the Denton County Jail from July 16, 2010, through March 27, 2012, for a total of 620 days. (*See id.*) It also shows Lewis was in post-judgment USMS custody at the Joe Corley Detention Facility on May 12, 2022, for 12 days as of the date the form was printed, May 24, 2022. (*See id.*) Because Lewis's § 2241 pleadings and administrative remedy documents indicate he seeks time credit for only pre-judgment custody and make no mention of post-judgment time credit calculations, the Court liberally construes his request for 632 days of sentence credit to reference the time he spent in official detention before he was sentenced in state court.

1.  **Time Credit**

Lewis contends he is entitled to time credit pursuant to 18 U.S.C. § 3585(b) for the period of time he was held in USMS custody from July 16, 2010, to March 27, 2012. (*See* doc. 12 at 1-2.) He argues that the USMS "obtained primary jurisdiction over [him] when he was arrested on arrest-indictment by the ATF on possession of a weapon." (*Id.* at 2; *see also id.* at 5, 7.) He claims that "[a]s of July 16, 2010, when [he] was received into federal custody, there was no state sentence which credited prior official detention[,]" and that his federal sentence therefore commenced for purposes of 18 U.S.C. § 3585(a) on that date. (*Id.* at 1-2.) According to Lewis, his arrest on state charges occurred after his federal sentence commenced, and a federal detainer was filed after said arrest; therefore, he claims, he is entitled to time credit against his federal sentence for the challenged period under § 3585(b). (*See id.* at 2.)

The record refutes Lewis's allegations. Specifically, the record shows Lewis was in state pre-trial custody on a July 9, 2010 arrest related to state drug charges, and he came into federal custody only through a writ of habeas corpus *ad prosequendum*. *See Lewis*, No. 4:10-CR-90-SDJ-AGD, docs. 6, 8; (doc. 8-1 at ¶¶ 2-3, 10.) The state therefore had primary jurisdiction over him for the duration of his federal proceedings. *See Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (holding the state had primary jurisdiction over prisoner where he was in state custody and his presence for a federal criminal trial was secured by a writ of habeas corpus *ad prosequendum*); *Causey v. Civiletti*, 621 F.2d 691, 693 (5th

4

Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."). Lewis returned to state custody on March 27, 2012, after his federal proceedings concluded. (*See* doc. 7 at 5, 10-11.) He was not in exclusive federal custody, and therefore his federal sentence did not commence, until May 12, 2022, when he was paroled on his state sentence and released to USMS custody to serve his federal sentence.[3] (*See id.* at 5, 39-43); 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served.").

The record further shows Lewis's later-imposed state sentences included credit for this time. (*See* doc. 7 at 20, 22, 24, 26, 28, 30, 32, 34, 36.) Under 18 U.S.C. § 3585(b), Lewis is not eligible to have pre-sentence time credits that were credited against his state sentences also be counted toward his federal sentence:

> **Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1)     as a result of the offense for which the sentence was imposed; or

---

[3] In a declaration, Lewis claims he was arrested on federal charges on July 9, 2010. (*See* doc. 12 at 7.) But he provides no evidence to support this allegation, and the record shows he was arrested on the federal charge on July 16, 2010, while in state custody on drug-related charges, as discussed. (*See* doc. 7 at 11; doc. 8-1 at ¶ 10; doc. 12 at 5); *Lewis*, No. 4:10-CR-90-SDJ-AGD, doc. 17. To the extent his claim relies on this unsubstantiated and conclusory allegation, it is without merit and does not entitle him to § 2241 relief.

5

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b)(emphasis added). Because Lewis received time credit against his state sentences for all the time spent in USMS custody on the federal writ, he is not eligible to receive pre-trial credit toward his federal sentence for this time. His claim thus lacks merit, and the Court should deny it.

### 2. *Nunc Pro Tunc* Designation

Lewis also challenges the BOP's denial of his request for a *nunc pro tunc* designation for time he spent in state custody. (*See* doc. 3 at 5.) A petitioner is not statutorily entitled to credit on his federal sentence for the time served on a state sentence, even when the charges are related. *See Puga v. Sherrod,* 462 F. App'x 470, 473 (5th Cir. 2012) (citing 18 U.S.C. § 3585(b); *Newby v. Johnson,* 81 F.3d 567, 569 (5th Cir. 1996)). Nonetheless, "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder,* 614 F.3d 158, 160 (5th Cir. 2010). In determining whether to award a *nunc pro tunc* designation, the BOP considers the factors set out in 18 U.S.C. § 3621(b):

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;

6

  (4) any statement by the court that imposed the sentence—

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

  (5) any pertinent policy statement issued by the Sentencing Commission. . . .

18 U.S.C. § 3621(b). The Court reviews the BOP's decision to deny a request for such a designation for abuse of discretion. *See Robertson v. Werlich*, 667 F. App'x 853, 854 (5th Cir. 2016) (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990)).

  Here, the record shows that the BOP considered Lewis's request under the provisions of § 3621(b) and determined a *nunc pro tunc* designation was not appropriate. (*See* doc. 3 at 21-22, 26-28; doc. 7 at 5-6, 50-58.) Lewis provides no facts, evidence, or arguments showing that the BOP abused its discretion in denying his request for a *nunc pro tunc* designation. *See, e.g.*, *Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003) (holding that the BOP did not abuse its discretion where the sentencing court was aware of pending state cases and did not express any intent for concurrent sentences). Because he has not shown that the BOP's denial of his request for a *nunc pro tunc* designation was an abuse of discretion, Lewis is not entitled to § 2241 relief on this claim.

## Recommendation

  The Court should DENY with prejudice Lewis's *pro se* Petition for Writ of

Habeas Corpus Pursuant to 28 U.S.C. 2241.

Signed March 11, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).